UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

MICHAEL ROBBINS,

    Plaintiff,                      **JURY TRIAL DEMANDED**

v.

STRIKE X, LLC, a Florida limited liability
company, and MOISES JAFIF,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES**

MICHAEL ROBBINS ("ROBBINS"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, STRIKE X, LLC, a Florida limited liability company, (hereinafter, "STRIKE X"), and MOISES JAFIF, (hereinafter "JAFIF"), and states as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, STRIKE X regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants, STRIKE X and JAFIF operated a bowling alley and related food/drink concession.

4. Plaintiff's work as a maintenance mechanic for STRIKE X's bowling alley involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. This included machinery, bowling supplies, tools and electronic supplies that were manufactured outside the State of Florida.

5. In addition to the Plaintiff, Defendants, STRIKE X and JAFIF employed at least two other employees who whose work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. This included machinery, bowling supplies, and electronic supplies that were manufactured outside the State of Florida.

6. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

7. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

8. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## **VENUE**

9. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida

and,

b. Defendants were and continue to be a company and an individual doing business within this judicial district.

## PARTIES

10. At all times material hereto, Plaintiff, ROBBINS was an "employee" of the Defendants within the meaning of the FLSA.

11. At all times material hereto, corporate Defendant, STRIKE X, was conducting business in Hallandale Beach, Broward County, Florida with their principal location in that city.

12. At all times material hereto, Defendants, STRIKE X employed Plaintiff, ROBBINS.

13. At all times material hereto, Defendants, JAFIF employed Plaintiff, ROBBINS.

14. At all times material hereto, Defendant STRIKE was and continue to be "employer" within the meaning of the FLSA.

15. At all times material hereto, Defendant JAFIF was and continue to be "employer" within the meaning of the FLSA.

16. At all times material hereto, corporate Defendant, STRIKE X operated an "enterprise engaged in commerce" within the meaning of the FLSA.

17. At all times material hereto, the work performed by Plaintiff, ROBBINS was directly essential to the business performed by Defendants.

18. Plaintiff, ROBBINS has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

19. On or about January 2, 2014, Plaintiff, ROBBINS was hired by the Defendants as a maintenance mechanic at the Defendants' bowling alley. His employment ended on June 15, 2020.

20. As a maintenance mechanic the plaintiff provided manual labor.

21. STRIKE X paid Plaintiff, ROBBINS a salary of $900.00 per week in certain workweeks.

22. During his employment, STRIKE X failed to keep records showing Plaintiff's work hours each workday.

23. During his employment, STRIKE X failed to keep records showing Plaintiff's work hours each workweek.

24. JAFIF failed to keep FLSA compliant records for all Plaintiff's work weeks.

25. During his employment STRIKE X was aware that Plaintiff worked more than 40 hours per week, in certain workweeks.

26. During his employment, STRIKE X paid the Plaintiff on a salary basis in certain weeks where he worked more than 40 hours per week.

27. During his employment, STRIKE X treated the Plaintiff as an FLSA "exempt" employee in certain weeks where Plaintiff worked more than 40 hours per week.

28. STRIKE X did not pay overtime to the Plaintiff at the rate of time-and-one-half times her equivalent hourly rate of pay, in weeks where the Plaintiff was paid a salary.

29. STRIKE X willfully failed to pay Plaintiff, ROBBINS his lawfully earned wages in conformance with the FLSA.

30. JAFIF willfully failed to pay Plaintiff, ROBBINS his lawfully earned wages in conformance with the FLSA.

31. Plaintiff, ROBBINS was not paid overtime wages by STRIKE X in certain weeks where he worked in excess of 40 hours per week.

32. Defendant, JAFIF was a supervisor of the Plaintiff during Plaintiff's employment.

33. Defendant, JAFIF was an owner of STRIKE X during Plaintiff's employment.

34. Defendant, JAFIF was involved in the day-to-day operations of STRIKE X during Plaintiff's employment.

35. Defendant, JAFIF oversaw the payroll of STRIKE X during Plaintiff's employment.

36. Defendant, JAFIF was managed the affairs of STRIKE X during Plaintiff's employment.

37. Defendant, JAFIF was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, ROBBINS.

38. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

39. Plaintiff, ROBBINS repeats and realleges Paragraphs 1 through 38 as if fully set forth herein.

40. Plaintiff, ROBBINS' employment at STRIKE X consisted of a work weeks for which he should worked in excess of 40 hours per week.

41. Plaintiff, ROBBINS' employment at STRIKE X consisted of certain workweeks in which he should have received time and one-half his regular hourly (equivalent) rate of pay for hours worked in excess of the maximum hours provided for in the FLSA.

42. Plaintiff, ROBBINS was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

43. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff, ROBBINS intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

44. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, ROBBINS at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due.

45. The Defendants misclassified Plaintiff, ROBBINS as an "exempt" employee, although his duties as a maintenance mechanic were those of a "non-exempt" employee.

46. STRIKE X failed to properly disclose or apprise Plaintiff, ROBBINS of his rights under the FLSA.

47. JAFIF failed to properly disclose or apprise Plaintiff, ROBBINS of his rights under the FLSA.

48. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, ROBBINS is entitled to liquidated damages pursuant to the FLSA.

49. Due to the willful and unlawful actions of the Defendant, Plaintiff, ROBBINS has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

50. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, ROBBINS respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED:   September 4, 2020.

                                                    Respectfully submitted,

                                                    BOBER & BOBER, P.A.
                                                    Attorneys for Plaintiff
                                                    2699 Stirling Road, Suite A-304
                                                    Hollywood, FL 33312

        Phone: (954) 922-2298
        Fax: (954) 922-5455
        peter@boberlaw.com
        samara@boberlaw.com

        By: /s/. Peter J. Bober
          PETER BOBER
          FBN:  0122955
          SAMARA BOBER
          FBN: 0156248